### COLE v. LUTZ & SHEINKMAN.

(Supreme Court, Appellate Term, First Department. January 15, 1913.)

APPEAL AND ERROR (§ 1171*)—DETERMINATION—REVERSAL.

On appeal from a judgment for profits on a contract, where it appeared that plaintiff's profits were necessarily reduced because of the subcontractor's poor work, a judgment which did not make that reduction must be reversed, and the cause remanded, where the amount of the loss does not appear upon the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4546–4554; Dec. Dig. § 1171;* Damages, Cent. Dig. §§ 16–18.]

Appeal from City Court of New York, Trial Term.

Action by Frank L. Cole against Lutz & Sheinkman. From a judgment for plaintiff, and an order denying its motion for new trial and to set aside the verdict or reduce the amount thereof, defendant appeals. Reversed and remanded.

Argued November term, 1912, before LEHMAN and PAGE, JJ.

Rasquin & Rasquin, of New York City, for appellant.

Smith & Bowman, of New York City (Harold H. Bowman, of New York City, of counsel), for respondent.

PER CURIAM. Upon the record presented for our consideration, it appears that the plaintiff was entitled to all the profits made by the defendant above an agreed amount. When the plaintiff consented to the substitution of a new subcontractor in place of Gazley Bros., he was still entitled to these profits, and the promise on the part of the defendant to pay him the 1 cent per thousand, which they saved on the contract price, as a substitute for Gazley Bros.' promise to pay 1½ cents per thousand as a commission, was therefore a valid promise. Inasmuch, however, as the plaintiff procured the contract with Gazley Bros. for his own benefit, the loss sustained by Gazley Bros.' imperfect work necessarily reduced the profits to which he would be

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

entitled for his commissions, and must be offset. As the amount of this loss does not appear from the record, a new trial must be had.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.